IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES, | § | |
| | § | |
| VS. | § | CRIMINAL ACTION |
| | § | NO. H-17-682 |
| ELIER PIEDRA | § | |

**ORDER**

Elier Piedra, a federal prisoner serving a sentence for conspiracy to use, carry, or possess a firearm during and in relation to a drug trafficking crime, asks the court to transfer him from a residential reentry facility to home confinement until his sentence ends on November 27, 2020. (Docket Entry Nos. 47, 51). He moved under 18 U.S.C. § 3582(c)(1)(A), arguing that the COVID-19 pandemic created "extraordinary and compelling" circumstances that support his request. (Docket Entry No. 51 at 1). Piedra "fear[s] that his constant and close proximity to his COVID-19-pos[i]tive roommate"—who was carried out of the reentry facility on a stretcher with severe COVID-19 symptoms on June 19, 2020—puts him in extreme danger. (*Id.* at 2, 4). The government does not oppose Piedra's request. (Docket Entry No. 53).

Piedra is serving this portion of his sentence at the Leidel Residential Reentry Center in Houston. (Docket Entry No. 51 at 4). In the government's words, "the purpose of [Piedra's] placement was to ease his transition from his incarceration back into the community." (Docket Entry No. 53 at 1). Absent the pandemic, Piedra would be allowed to leave the facility for eight to ten hours per day to go to work (Monday through Friday), to church, or to the doctor. (Docket Entry No. 51 at 4). But because there has been a COVID-19 outbreak at the facility, the government confirms "that [Piedra] is in lock down . . . and that there is no anticipated time when

this will end." (*Id.*; Docket Entry No. 53 at 1). The government agrees that "the purpose of the residential reentry facility is not being fulfilled in this case." (Docket Entry No. 53 at 1).

The government also observes that Piedra is "gainfully employed" and "for most of the duration of this case remained on release in the community and posed no risk to the community." (Docket Entry No. 53 at 1–2). Piedra emphasizes that his proposed transfer to home confinement would be to a more restrictive arrangement than he would have been in if he continued at the reentry facility under non-pandemic conditions. (Docket Entry No. 51 at 4). He notes, and the government does not dispute, that he has a "stable family" and, by working from home, he could support his business and its 26 employees. (Docket Entry No. 51 at 4–5).

The court grants Piedra's motion, (Docket Entry No. 51), for transfer from the residential reentry facility to home confinement.

SIGNED on July 26, 2020, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge